1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD STEVEN DAVIS,<br>Inmate Booking No. 13711805<br><br>                                    Plaintiff,<br><br><br>                 vs.<br><br><br><br>WILLIAM J. McGRATH; Superior Court<br>Judge; STATE OF CALIFORNIA,<br><br><br>                              Defendants. | Civil        13cv2854 LAB (WVG)<br>No.<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO<br>PROCEED *IN FORMA PAUPERIS*;<br>AND**<br><br>**(2)  DISMISSING ACTION FOR<br>SEEKING MONETARY DAMAGES<br>AGAINST DEFENDANTS WHO ARE<br>IMMUNE AND FOR FAILING TO<br>STATE A CLAIM PURSUANT TO 28<br>U.S.C. §§ 1915(e)(2)(B)  & 1915A(b)** |

        Edward Steven Davis ("Plaintiff"), currently housed at the George Bailey Detention
Facility located in San Diego, California, and proceeding pro se, has filed a civil rights
Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has also filed a Motion to Proceed *In Forma
Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 6.)

## I.    MOTION TO PROCEED IFP

        All parties instituting any civil action, suit or proceeding in a district court of the United
States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 6] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the Court further orders the Watch Commander to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them  to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

/ / /

First, to the extent that Plaintiff is seeking money damages based on rulings made by San Diego Superior Court Judge William J. McGrath, this Defendant is absolutely immune. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, as a Superior Court Judge for the State of California, this Defendant has absolute immunity from civil proceedings relating to these actions, which were performed within their judicial discretion.

Second, to the extent that he is challenging the rulings made by Superior Court Judge McGrath in his criminal proceedings, he cannot state a viable § 1983 claim. The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct. 868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Review of state court decisions may only be conducted in the United States Supreme Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257. The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar applies if the challenge to the state court decision is brought as a § 1983 civil rights action alleging violations of due process and equal protection. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

A complaint challenges a state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's decision in a judicial proceeding. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court

1   wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25

2   (1987)(Marshall, J., concurring); *see also Worldwide Church of God*, 805 F.2d at 891-92.

3   Because Plaintiff appears to seek this Court's assistance in overturning orders made by

4   a San Diego Superior Court Judge, his claims are inextricably intertwined with the state court

5   proceedings, and are barred by the *Rooker-Feldman* doctrine.

6   Plaintiff's claims for money damages also appear to challenge the validity of his criminal

7   conviction.  It is not clear whether Plaintiff has been convicted of a crime or he is currently

8   awaiting trial on criminal charges.  If Plaintiff has been convicted of a crime, in order to recover

9   damages for an allegedly unconstitutional conviction, Plaintiff must show that his criminal

10  conviction has already been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994);

11  *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully

12  exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512

13  U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004).

14  *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction

15  or imprisonment, or for other harm caused by actions whose unlawfulness would render a

16  conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been

17  reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

18  authorized to make such determination, or called into question by a federal court's issuance of

19  a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.  A claim for damages challenging the

20  legality of a conviction or sentence that has not been so invalidated is not cognizable. *Id.* at 487;

21  *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

22  In *Heck*, the Supreme Court held that:

23    when a state prisoner seeks damages in a section 1983 suit, the
    district court must consider *whether a judgment in favor of the*

24    *plaintiff would necessarily imply the invalidity of his conviction or
    sentence*; if it would, the complaint must be dismissed unless the

25    plaintiff can demonstrate that the conviction or sentence has already
    been invalidated.  But if the district court determines that the

26    plaintiff's action, even if successful, will not demonstrate the
    invalidity of any outstanding criminal judgment against the plaintiff,

27    the action should be allowed to proceed.

28  *Heck*, 512 U.S. at 487 (emphasis added).  An action that is barred by *Heck* should be dismissed

for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, Plaintiff's claims "necessarily imply the invalidity" of his criminal conviction. *Heck*, 512 U.S. at 487.  Accordingly, because Plaintiff seeks damages for an allegedly unconstitutional criminal conviction and because he has not alleged that his conviction has already been invalidated, a claim for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90.

If Plaintiff is currently in the process of facing criminal charges and requests that this Court intervene in the state court's decisions, the Court declines to do so.  A federal court cannot interfere with ongoing state criminal proceedings by granting injunctive relief absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger v. Harris*, 401 U.S. 37, 46, 53-54 (1971).

*Younger* abstention is appropriate if four criteria are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal questions; and (4) the federal court action would "enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).  Here, based on Plaintiff's allegations that he may have ongoing criminal proceedings in state court and requests this Court's intervention, abstention pursuant to the *Younger* doctrine is warranted.

For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446 n.1.

## III.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 6) is

**GRANTED**.

2.     The Watch Commander for the George Bailey Detention Facility, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, San Diego, California 92158.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking monetary damages against an immune defendant.  *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

5.     Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint.  *See* S.D. CAL. CIVLR 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  If Plaintiff fails to file an Amended Complaint within 45 days, this action shall remain dismissed without further Order by the Court.

6.     The Clerk of Court is directed to mail Plaintiff a copy of a Court approved § 1983 civil rights complaint.

**IT IS SO ORDERED.**

DATED:  January 21, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge